## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION
## (TOLEDO)

| | |
|---|---|
| **SAMMIE L. COLEMAN, JR.** ) | **CASE NO.** |
| 841 COLBURN ST. ) | |
| TOLEDO, OH 43609 ) | **JUDGE: HON.** |
| ) | |
| **PLAINTIFF**, ) | |
| v. ) | |
| ) | |
| **CITY OF TOLEDO** ) | |
| ATTN.: DALE EMCH, ESQ. ) | |
| DIRECTOR OF LAW ) | |
| 640 JACKSON ST. ) | |
| TOLEDO, OH 43604 ) | |
| ) | |
| **DEFENDANT**. ) | |

**COMPLAINT WITH DEMAND FOR JURY TRIAL ENDORSED HEREUPON**

**NOW COMES** the Plaintiff, Sammie L. Coleman, Jr., by and through his undersigned attorney, Norman A. Abood, and for his Complaint against the City of Toledo states as follows:

### I.  PRELIMINARY STATEMENT.

1. Plaintiff, Sammie L. Coleman, Jr. is an African American male who has been employed by the City of Toledo since October 24, 1994, in the City of Toledo, Division of Streets, Bridges and Harbor. During his tenure with the City of Toledo, he has been repeatedly and wrongfully denied promotions based on his race and in retaliation for his having engaged in a protected activity (opposing the City's discriminatory promotion practices). On or about July 5, 2017, Mr. Coleman filed a charge of race-based discrimination against the City of Toledo for having refused to promote him to the position of Alternate General Foreman and instead promoting a less qualified Caucasian to that position. By decision

issued April 26, 2018, the Ohio Civil Rights Commission found there was probable cause to believe the city had engaged in discriminatory and retaliatory practices against Mr. Coleman on the issue of Mr. Coleman's disqualification concerning the Alternate General Foreman position. Despite this finding of probable cause, no lawsuit was filed.

2. Mr. Coleman continued to seek advancement to the Alternate General Foreman position and on or about October 7, 2019, was again denied such promotion with its attendant higher wage and benefit rates in favor of a less qualified Caucasian. Consequently, on or about October 24, 2019, Mr. Coleman filed another complaint of race-based discrimination and retaliation with the Ohio Civil Rights Commission and the U.S. Equal Employment Opportunity Commission. The case was assigned case number TOL72(40192)1024201/22A-2020-00282C.

3. On August 28, 2020, the Ohio Civil Rights Commission issued its Letter of Determination finding it probable that the City of Toledo had engaged in an unlawful discriminatory practice based on race and in retaliation for Mr. Coleman having engaged in a protected activity (opposing the City's discriminatory promotion practices). On June 29, 2021, the U.S. Department of Justice Equal Employment Opportunity Commission issued its notice of right to institute civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.,* against the City of Toledo, Division of Streets, Bridges & Harbor.

4. Mr. Coleman brings this action seeking redress for the economic and personal injuries arising from the City of Toledo's unlawful discriminatory and retaliatory acts against him in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e-2 (Title VII), 42 U.S.C. §§s1981 (Equal Rights under the Law), 1988 (Civil Rights Attorney Fee Award Act of 1976), as well as O.R.C. §4112.02 (Unlawful Discriminatory Practices).

## II.  THE PARTIES

5. Plaintiff repeats and reiterates each and every allegation set forth in hereinabove as if fully rewritten herein.

6. Plaintiff, Sammie L. Coleman, Jr. ("Sammie Coleman") is an African American male who at all times relevant hereto has resided within the City of Toledo, Lucas County, Ohio.

7. Plaintiff, Sammie Coleman, is a member of a protected class under the civil rights laws of the United States and the State of Ohio.

8. The Defendant, (hereinafter referred to as the "City"), operates as a municipality, organized and existing under the laws of the State of Ohio.

9. The Defendant City is an entity, whether licensed or not, whether incorporated or not, and has been doing business within the County of Lucas, State of Ohio, at all times material herein.

## III.  JURISDICTION AND VENUE

10. This action arises under Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e-2 (Title VII), 42 U.S.C. §§s1981 (Equal Rights under the Law), and 1988 (Civil Rights Attorney Fee Award Act of 1976), as well as O.R.C. §4112.02 (Unlawful Discriminatory Practices).

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 (Federal Question Jurisdiction) and 28 U.S.C. §1343(a) (Civil Rights Jurisdiction).

12. Plaintiff timely filed a Charge of race-based discrimination and retaliation for engaging in a protected activity with the OCRC and EEOC through the OCRC Toledo Field Office on October 24, 2019, which was assigned charge no. TOL72(40192)1024201/22A-2020-00282C.

13. On August 28, 2020, the Ohio Civil Rights Commission issued its Letter of Determination finding probable cause to believe that the Sammie Coleman had been denied promotion to the Alternate Gen. Foreman position based on his race and in retaliation for having previously filed a charge with the Ohio Civil Rights Commission.

14. A true and accurate copy of the August 28, 2020 Ohio Civil Rights Commission Letter of Determination is attached hereto and made a part hereof as Exhibit 1.

15. After Mr. Coleman withdrew his charge from the Ohio Civil Rights Commission, the Ohio civil rights commission issued a second Letter of Determination with a Notice of Right to Sue dated October 22, 2020.

16. A true and accurate copy of the October 22, 2020 Ohio Civil Rights Commission Notice of Right to Sue \is attached hereto and made a part hereof as Exhibit 2.

17. By correspondence dated June 29, 2021, the U.S. Department of Justice, Civil Rights Division issued Mr. Coleman issued its Notice of Right to Sue in case no. 22A20200282.

18. A true and accurate copy of the June 29, 2021 U.S. Department of Justice, Civil Rights Division Notice of Right to Sue in case no. 22A20200282 is attached hereto and made a part hereof as Exhibit 3.

19. The Court has original jurisdiction over Title VII claims filed within 90 days of a charging party's (Plaintiff herein) receipt of the EEOC's right to sue letter and, thus, this Court has jurisdiction over Plaintiff's Title VII claims pursuant to 42 U.S.C. §2000e-5(f)(3).

20. The Court has pendent jurisdiction over discriminatory practice claims arising under O.R.C. §4112.02 pursuant to 28 U.S.C. §1343(a)(3).

21. Venue for this action properly lies in the United States District Court for the Northern District of Ohio, Western Division (Toledo), pursuant to 29 U.S.C. §1391(b) because the

Defendant is located within the State of Ohio and this judicial district (29 U.S.C. §1391(b)(1)), the claims at issue arose in this judicial district (29 U.S.C. §1391(b)(2)) and pursuant to 42 U.S.C. 2000e-5(f)(3) because the unlawful employment practices were committed in this judicial district.

### IV. FACTS

22. Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 21 hereinabove as if fully rewritten herein.

23. On or about October 24, 1994, the Defendant City of Toledo hired Sammie Coleman to work in the City of Toledo's Division of Streets, Bridges and Harbor.

24. During his term of employment with the City, Plaintiff has been repeatedly exposed to acts of discrimination, including, but not limited to being told he would never be promoted so long as he wore is hair in an afro style, being referred to as "Mokey" and "Don King", and being subjected to unjustified discipline which has also been different than the disciplinary practices applied to Caucasian employees.

25. Subsequent to being hired by the City of Toledo, Mr. Coleman has sought promotion to the position of temporary Alternate Gen. Foreman, a position paying a higher wage and having enhanced benefits over his position of employment.

26. Since being hired, Sammie Coleman has been repeatedly passed over, on more than one occasion, for promotion and has been denied assignment to the temporary Alternate Gen. Foreman position.

27. The Alternate Gen. Foreman position is a position within the City of Toledo commonly referred to as a "Local 2058" position.

28. The City recognizes Local 7, AFSCME (AFL-CIO) Ohio Council 8 ("Local7"), as having jurisdiction over and being the sole and exclusive bargaining agent for the employees for the City working in Mr. Coleman's job classification.

29. The Collective Bargaining Agreement between the City and Local 7 is codified in the Toledo Municipal Code ("TMC") Chapter 2117.

30. The Local 7 Agreement with the City governs the process by which a Local 7 member obtains a Local 2058 position.

31. TMC 2117.51 specifies that in the event an alternate is needed for a "Local 2058" position the City may choose among those employees in the next lower classification/salary group with valid approved alternate paperwork and willing to accept the appointment.

32. A Local 2058 position falls under the Agreement between the City and the Supervisory, Technical and Professional Employees Local No. 2058 Communications Operator Supervisors and Ohio Council 8 of the American Federation of State, County and Municipal Employees, which agreement is codified in TMC Chapter 2106.

33. Pursuant to TMC 2117.51, seniority and whether an employee is currently in a disciplinary step are factors to be considered in assigning a Local 7-member to a Local 2058 position.

34. Despite Sammie Coleman having more seniority, the City chose another employee who is Caucasian, instead of Mr. Coleman, to fill the temporary Alternate Gen. Foreman position, which Caucasian accepted the position on October 7, 2019 and received a wage increase.

35. The Caucasian chosen over Sammie Coleman was also in disciplinary mode, on a Last Chance Agreement and had been in disciplinary mode since October 5, 2017.

36. By utilizing Plaintiff's disciplinary record against him at the same time as not utilizing a Caucasian employee's disciplinary record as a criterion for selection of the Caucasian candidate, the City held Plaintiff to a stricter standard for promotion.

37. The City has a history of choosing this particular Caucasian employee over African-American employees for assignment to the temporary Alternate Gen. Foreman position.

38. By denying plaintiff assignment to the temporary alternate Gen. Foreman position, the city manipulated plaintiff's hours of employment (seniority) thereby impairing his eligibility for promotion to a permanent Gen. Foreman position.

39. In addition to holding Plaintiff to a different, i.e., higher standard of performance for qualification for promotion and/or assignment to the temporary alternate Gen. Foreman position then a similarly situated Caucasian employee, the City retaliated against Plaintiff for having engaged in protected activity, i.e., opposing the City's discriminatory. Employment practices.

40. As a direct and proximate result of Defendant's discriminatory actions against Plaintiff as aforesaid, Plaintiff has suffered a loss of employment opportunity, loss of income, loss of benefits, and incurred significant and ongoing attorney fees.

41. As a direct and proximate result of Defendant's discriminatory actions against Plaintiff as aforesaid, Plaintiff has suffered severe emotional, psychological and physical duress, mental anguish, embarrassment, humiliation and damages to reputation.

42. Plaintiff has timely exhausted all administrative remedies available to him in the pursuit of redress of the wrongs perpetrated upon her by Defendant as aforesaid.

43. As detailed above, Defendant targeted Plaintiff with racial bias.

44. As detailed herein above, Defendant's acts of discrimination against Plaintiff were purposeful and undertaken with the discriminatory intent to deprive Plaintiff of his rights under federal and state law.

45. As a direct and proximate result of the Defendant's wrongful and discriminatory actions as aforesaid, Plaintiff has suffered discrimination, including, but not limited to, the loss of employment opportunities, in violation of the United States laws and the laws of the State of Ohio.

46. As a direct and proximate result of the Defendant's wrongful and discriminatory actions as aforesaid, Plaintiff has been denied due process of law in violation of the United States laws and the laws of the State of Ohio.

47. 42 U.S.C. §1988(b) allows for the award of attorney fees in an action to enforce 42 U.S.C.§§s 1981-1983, and Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000d et seq.).

48. 42 U.S.C. §1988(c) allows for the award of expert fees as part of an attorney's fee award in an action to enforce 42 U.S.C.§§s 1981-1981 (a).

## COUNT ONE
### (42 U.S.C. §1981)

49. Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 48 hereinabove as if fully rewritten herein.

50. At all times material herein, Plaintiff was qualified for the position of employment he held and the positions for which he sought with Defendant.

51. Caucasian employees of the same employer as Plaintiff, having the same or similar qualifications as Plaintiff were not subjected to the racially charged hostile work environment and/or discriminatory promotional practices as was Plaintiff.

52. 42 U.S.C. §1981 prohibits intentional race discrimination in the making and enforcing of contracts involving both public and private actors and provides a cause of action for both race-based employment discrimination and retaliation.

53. As detailed above, Plaintiff belongs to an identifiable class of persons who are and have been subject to discrimination based on their race and sex.

54. As detailed above, Defendant knew of and refused to timely remediate the racially charged hostile work environment to which Plaintiff was subjected

55. Defendant intended to and in fact did discriminate against Plaintiff on the basis of his status as an African American male.

56. Defendant unlawfully discriminated against Plaintiff by denying him employment opportunities for which he was qualified in retaliation for his undertaking the protected activity, i.e., challenging the City's discriminatory employment practices.

57. As a direct and proximate result of the Defendant's wrongful and discriminatory actions as aforesaid, Plaintiff suffered a materially adverse change in the terms and/or conditions of his employment with the City in violation of the United States laws and the laws of the State of Ohio.

58. As detailed above, Defendant's discriminatory conduct towards Plaintiff (1) abridged Plaintiff's right to contract with the City free from discrimination, and/or (2) to have and enjoy the full and equal benefit of all laws and proceedings for the security of her property as is enjoyed by white citizens.

59. As a direct and proximate result of Defendant's discriminatory conduct in violation of 42 U.S.C. §1981 towards Plaintiff, Plaintiff is entitled to an award of actual, compensatory

and punitive damages, as well an award of attorney fees and costs reasonably incurred herein.

## COUNT TWO
### (42 U.S.C. 2000e-2(a)(1), Title VII)

60. Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 59 hereinabove as if fully rewritten herein.

61. 42 U.S.C. 2000e-2(a)(1) prohibits employers from discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

62. At all times material herein, Defendant was Plaintiff's employer for purposes of Plaintiff maintaining an action against Defendant pursuant to 42 U.S.C. 2000e-2(a)(1).

63. Defendant discriminated against Plaintiff by exposing him to, promoting and refusing to stop the racially charged, hostile work environment to which he was exposed because he is an African American female.

64. Defendant unlawfully discriminated against Plaintiff by denying him advancement in employment and retaliation for his undertaking the protected activity, i.e., challenging the City's discriminatory employment practices.

65. As a direct and proximate result of Defendant's discrimination against Plaintiff as aforesaid, Plaintiff is entitled to judgment against the City for actual, compensatory and punitive damages, as well an award of attorney fees and costs reasonably incurred herein.

## COUNT THREE
### (Unlawful Discrimination under O.R.C. §4112.02)

66. Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 65 hereinabove as if fully rewritten herein.

67. Pursuant to O.R.C. §4112.02, "It shall be an unlawful discriminatory practice: (A) for any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to higher, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

68. Defendant City is an Ohio employer.

69. Defendant unlawfully discriminated against Plaintiff because of his race and/or gender and/or age by discriminating against him as aforesaid, by denying him advancement in employment and/or refusing to timely remediate the racially charged hostile work environment in which Plaintiff was forced to work as a condition of his employment.

70. Defendant unlawfully discriminated against Plaintiff by wrongfully denying him advance in employment in retaliation for his undertaking a protected activity, i.e., challenging the City's discriminatory employment practices.

71. As a direct and proximate result of Defendant's discrimination against Plaintiff in violation of O.R.C. §4112.02 as aforesaid, Plaintiff is entitled to judgment against Defendant for compensatory and punitive damages, as well an award of attorney fees and costs reasonably incurred herein.

**WHEREFORE**, Plaintiff prays for judgment against Defendant for actual, compensatory and punitive damages, reasonable attorney fees and costs, including but not limited to expert fees, all in such amount as shall be shown at trial upon the merits hereof, and for such other and further relief as Court may deem just or equitable.

Dated: September 27, 2021					Respectfully Submitted,
						THE LAW OFFICE OF NORMAN A. ABOOD

/s/ Norman A. Abood
Norman A. Abood (OH. Sup. Ct. #0029004)
101 Broadcast Building
136 N. Huron Street
Toledo, OH  43604
Phone: 419-724-3700
Fax: 419-724-3701
E-Mail: Norman@nabood.com
- *Attorney for Plaintiff, Jacqueline Bell*

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable herein.

/s/ Norman A. Abood
Norman A. Abood