

# OHIO CIVIL RIGHTS COMMISSION

Governor Mike DeWine
Commissioners:  Lori Barreras, Chair | William Patmon, III | Dr. Carolyn Peters | Madhu Singh
Executive Director Angela Phelps-White

**August 27, 2020**

**Date Mailed: August 28, 2020**

Sammie L. Coleman, Jr.
841 Colburn Street
Toledo, OH  43609

Dale R. Emch, Law Director
City of Toledo
One Government Center, Suite 2250
Toledo, OH  43604

### LETTER OF DETERMINATION
Sammie L. Coleman, Jr. v. City of Toledo, Division of Streets, Bridges and Harbor
TOL72(40192)10242019/22A-2020-00282C

**FINDINGS OF FACT:**

Charging Party filed a charge of discrimination with the Ohio Civil Rights Commission alleging Respondent engaged in an unlawful discriminatory practice. All jurisdictional requirements for filing a charge have been met.

After receiving the charge, the Commission conducted an investigation into Charging Party's allegation against Respondent. During the investigation, the Commission considered relevant documents and testimony. The information gathered does support a recommendation that Respondent unlawfully discriminated against Charging Party.

Charging Party is an African American employee of Respondent. Charging Party has been employed by Respondent since October 24, 1994. Charging Party alleges he was subjected to a denial of an Alternate General Foreman position based on his race and retaliated against due to a previously filed charge with the Ohio Civil Rights Commission (TOL72(38575)07052017/22A-2017-02950C). Probable Cause was found on the issue of disqualification concerning the Alternate General Foreman position on April 26, 2018.

Respondent denies the Charging Party was passed over for the Alternate General Foreman position due to race or retaliation. Respondent states that Charging Party was on a level three disciplinary step. Respondent states the position of Alternate General Foreman is a Local 2058 position. The Local 7 collective bargaining agreement describes the process for alternates. Respondent states the agreement was followed when selecting another employee as the alternate.

Dave Calzone, Caucasian Supervisor states that when assigning employees to the Alternate General Foreman position, factors of consideration include seniority and whether employees are currently in a disciplinary step. Calzone further stated that all the employees who were not in a disciplinary step passed up the assignment. At that time, Calzone decided that another employee, who is Caucasian, would fill the temporary Alternate General Foreman position.

---

Sammie L. Coleman, Jr. v. City of Toledo, Division of Streets, Bridges and Harbor
TOL72(40192)10242019/22A-2020-00282C
Page 2

The Caucasian employee has been employed by the Respondent since February 13, 2001. The Caucasian employee accepted the temporary assignment on October 7, 2019, and received a wage increase.

The Collective Bargaining Agreement, states in part:

**2117.51 Alternate Appointments to Local 2058 positions**
In the event an alternate is needed for a Local 2058 position the City may choose among those employees in the next lower classification/salary group with valid approved alternate paperwork and willing to accept the appointment. Consideration shall be given to seniority, experience, work record/performance, attendance, disciplinary record, education/training, demonstrated ability to perform the job and divisional training needs.

According to Respondent's seniority list, an African American would have been the next eligible employee for the Alternate General Foreman position. This employee filed a grievance and was paid for the Alternate General Foreman assignment. Witness information indicates that this African American employee had not been contacted for the temporary assignment.

According to the contract, the Caucasian employee selected for the Alternate General Foreman position was ineligible. This employee was in disciplinary mode and had been in disciplinary mode since October 5, 2017.

Another African American employee who is not in disciplinary mode, had more seniority than the selected Caucasian employee and the required experience was also denied assignment to the Alternate General Foreman position. Respondent reported to the Commission that this African American was Caucasian. As indicated, he is African American and told staff that he had been passed over on more than one occasion for the Alternate General Foreman position.

Witness information indicates the Caucasian employee who received the assignment had been favored in the past, although ineligible for the alternate assignment. Calzone states that the Caucasian employee was selected in error. However, this "error" occurred on numerous occasions according to witness information, resulting in African American employees being passed over for temporary Alternate General Foreman positions.

Documents show both Charging Party and the Caucasian employee were in disciplinary mode, but the Caucasian employee was also on a Last Chance Agreement.

The Collective Bargaining Agreement states:

**2117.45 Promotions**
Alternate hours are considered time that the candidate worked in the current vacant classification at the Department/Division with the vacancy.

Sammie L. Coleman, Jr. v. City of Toledo, Division of Streets, Bridges and Harbor
TOL72(40192)10242019/22A-2020-00282C
Page 3

I.   1 – 500 hours (2 points)
II.  501 – 1000 hours (4 points)
III. 1001 – 3000 hours (6 points)
IV. 3001 – 5000 hours (8 points)
V.  5001 or more hours (15 points)

Tie scores will be broken by the candidate with the most City seniority receiving the higher ranking. The
Parties agree that, during the life of an eligibility list, the candidate scores will be recalculated when filling
a vacancy.

Information shows the more hours the employee works as an alternate, the better qualified they are for an
available Permanent General Foreman position. A witness stated to Commission staff that it appears
Charging Party is strategically disciplined to prevent him from being eligible for alternate assignments.

The investigation shows that Charging Party had been held to a stricter standard than the Caucasian
employee selected for the Alternate General Foreman position. If discipline was not a criterion used in the
selection of the Caucasian candidate, then it should not have been a criterion in the non-selection of the
Charging Party. Moreover, the investigation shows that that the standard for selection to the alternate
position was not applied equally for qualified African American employees.

It may be reasonably inferred that Respondent discriminated against Charging Party based on race and in
retaliation for a protected activity.

**DECISION:**
The Ohio Civil Rights Commission determines it is **PROBABLE** that Respondent has engaged in an
unlawful discriminatory practice in violation of Ohio Revised Code Chapter 4112. Therefore, the
Commission hereby orders that this matter be scheduled for **CONCILIATION**.

In accordance with Ohio Revised Code § 4112.05(A) and Ohio Administrative Code § 4112-3-03(C), the
Commission invites you to participate in conciliation by informal methods of conference, conciliation and
persuasion. Enclosed is a draft Conciliation Agreement and Consent Order for your consideration.
Brad Adams has been assigned as Conciliator and can be reached by telephone at 419-245-2911 or by
email at brad.adams@civ.ohio.gov. **Please contact the Conciliator to discuss the conciliation process.**
If the Commission's attempts at conciliation are unsuccessful, a formal complaint will be issued, and the
case will be scheduled for a public hearing.

**NOTICE OF RIGHT TO REQUEST RECONSIDERATION:**
Pursuant to Ohio Administrative Code § 4112-3-04, you have the right to request reconsideration of this
determination of the Commission. The application must be in writing and state specifically the grounds
upon which it is based. If you wish to appear before the Commissioners to present oral arguments
supporting your request, you must specifically make a request to appear in writing.

Sammie L. Coleman, Jr. v. City of Toledo, Division of Streets, Bridges and Harbor
TOL72(40192)10242019/22A-2020-00282C
Page 4

This request must be sent to the Compliance Department, Ohio Civil Rights Commission, 30 East Broad Street, 5th Floor, Columbus, Ohio 43215. You must submit the request for reconsideration, along with all additional evidence or supporting documentation, within **TEN (10) days** of the date of mailing of this notice. Any application for reconsideration or additional materials received by the Compliance Department in the Commission's Columbus Central Office after the ten-day period has expired will be deemed untimely filed. Extensions of this ten-day filing period are not permitted.

FOR THE COMMISSION,

*Inder F. LeVesque*

Inder F. LeVesque
Toledo Regional Director
IFL/sms

cc: **Representative for Charging Party:**       **Representative for Respondent:**
Norman A. Abood       John E. Bibish IV, Senior Attorney
Attorney at Law       City of Toledo, Department of Law
101 Broadcast Building       One Government Center, Suite 2250
136 N. Huron Street       Toledo, OH  43604
Toledo, Ohio 43604-1139

**Representative for Charging Party**
Earl Murry, Ph.D.
Emeritus Professor
P.O. Box 151
Maumee, Ohio 43537